791 So.2d 319 (2001)
Anthony Ray ROWLETT, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00879-COA.
Court of Appeals of Mississippi.
July 31, 2001.
*320 Brian H. Neely, Tupelo, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
*321 Before McMILLIN, C.J., IRVING, and CHANDLER, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Anthony Rowlett was tried before a jury in the Circuit Court of Calhoun County on one count of touching a child under the age of fourteen years for the purpose of gratifying his lust. The State presented evidence tending to prove that Rowlett had engaged in improper sexual contact with his stepdaughter on an occasion in mid-December 1996. Rowlett denied the incident and presented evidence indicating that he did not have access to the child during the time the crime was alleged to have occurred. The jury found Rowlett guilty. He now seeks to have the conviction and resulting judgment of sentence reversed on the grounds that (a) the trial court erroneously permitted damaging hearsay evidence to be admitted, (b) evidence of uncharged misconduct by the defendant was allowed before the jury, (c) the trial court erroneously permitted the child victim to testify without first determining her competence, (d) the court erroneously excluded competent exculpatory evidence indicating that someone other than Rowlett was the offender, (e) the State was allowed to present inadmissible and substantially prejudicial evidence in rebuttal after the defense rested, (f) medical records damaging to the defense were improperly admitted, (g) the trial court erred in refusing the defense's requested jury instruction regarding the alleged victim's testimony, (h) the trial court erred in denying a number of the defense's mistrial motions, (i) the court erred in denying the defendant's post-conviction motion for JNOV or new trial, and (j) the court committed reversible error in denying challenges for cause offered as to certain prospective jurors.
¶ 2. After giving due consideration to the issues raised in this appeal, we do not find that any of the errors complained of by Rowlett are of sufficient gravity to merit setting aside his conviction. Therefore, we affirm the judgment of the trial court.

I.

Hearsay Evidence
¶ 3. The trial court permitted two examining physicians, the child's preschool teacher, and her investigating social worker to relate to the jury certain statements made by the child victim naming Rowlett as the person who had sexually molested her. This testimony was received over the defense's objection that such statements constituted inadmissible hearsay.
¶ 4. The two physicians' testimony related information given to them by the alleged victim as a part of their diagnosis and treatment of the child. Such evidence is admissible as an exception to the hearsay rule under Mississippi Rule of Evidence 803(4). The scope of this exception has been specifically held to include the identification of the purported abuser under the theory that a part of the treatment of a sexually-abused child includes reasonable efforts to eliminate the abuser's access to the child. Hennington v. State, 702 So.2d 403 (¶ 49) (Miss.1997). We note, in fact, that certain of the hearsay statements made to Dr. Chidester would appear to be exculpatory to the defendant since the child identified another person as having engaged in improper sexual contact with her at some point. Nevertheless, such a circumstance does not affect the admissibility of the evidence. Rather, it only affects the probative value of any such evidencea matter for the jury to resolve.
¶ 5. The testimony of the teacher and the social worker presents something of a problem. A specific exception to the *322 hearsay rule found at Mississippi Rule of Evidence 803(25) has been adopted to permit introduction of out-of-court statements by children of tender years concerning sexual contact under certain circumstances. M.R.E. 803(25). In order to be admissible, the statements must be first subjected to a hearing outside the jury's presence, and the court must affirmatively find that the time, content, and circumstances of the statement "provide substantial indicia of reliability" to override the normal concerns about the trustworthiness of unsworn out-of-court statements that are the foundation of the hearsay exclusion rule. M.R.E. 803(25). In the case before us, the trial was originally commenced before Honorable Henry Lackey; however, the first trial ended in a mistrial due to certain events deemed prejudicial to the defendant that have no relevance to the case in its present posture. After a mistrial had been declared, the trial court proceeded to conduct the necessary inquiry into the circumstances of the child's out-of-court statements in anticipation that the case would be retried in the near future. At the conclusion of the hearing, Judge Lackey indicated that he would give a written ruling on several matters, including the admissibility of the hearsay statements of the child victim.
¶ 6. No such ruling appears in the record. When the case was retried, it was tried before a different judge, Honorable Kenneth Coleman. Judge Coleman did not conduct any further inquiry into the circumstances of the child's various statements to her teacher and to the investigating social worker. Instead, he summarily overruled all hearsay objections to the testimony and allowed it to be put before the jury. It is clear, from certain comments made by Judge Coleman in the record, that he was under the impression that Judge Lackey had already ruled on the admissibility of these hearsay statements and had found them admissible under Rule 803(25). Judge Lackey may, in fact, have done so informally, but we are, of course, limited to considering matters that appear in the record.
¶ 7. We have reviewed the transcript of the hearing inquiring into the circumstances of the child's statements. This childa child of very young age appears to have made her statements identifying the defendant in a rather spontaneous manner shortly after the event, and there is no indication that either person who heard the child's remarks used suggestive techniques to draw out the child's statements or to direct her toward identifying a particular person. There was no evidence that the child harbored any particular resentment or ill-feeling toward the defendant that would motivate her to falsely accuse him. Her statements to her teacher and the investigating social worker were consistent. The two witnesses were not related to the child, and no attempt was made to attack the credibility of either of them on the question of whether the child actually made such statements. This Court is satisfied that a full and adequate inquiry was made by Judge Lackey into the various factors affecting the probative value of these extrajudicial statements by the child victim as dictated by the comment to Rule 803(25). There is every indication that the relevant facts, as developed in the inquiry, pointed toward the admissibility of the child's statements. Therefore, to the extent that there is an absence on the record of either of the trial judges involved in the case making an affirmative finding that the statements would be admissible as an exception under Rule 803(25) to the general hearsay exclusionary rule, we conclude that the error was harmless and that the admission of the testimony does not require reversal of the conviction.

*323 II.

Uncharged Misconduct
¶ 8. The jury was permitted to receive some evidence, over the defense's objection, indicating that this same child had been examined the previous year by Dr. Chidester. Evidence presented outside the presence of the jury indicated that this earlier examination was the result of the child reporting improper contact by Rowlett. The State proposed to introduce the evidence as an exception to the exclusionary provisions of prior bad act evidence found in Mississippi Rule of Evidence 404(b). However, the trial court concluded that Dr. Chidester ought not to be permitted to testify that the child had identified Rowlett as the culprit in the earlier incident. Rather, the court limited the doctor's testimony to the fact that, when the child was examined in 1995, her hymen was intact but that it was torn in a manner consistent with some form of physical penetration when she examined the child in the aftermath of the 1996 episode.
¶ 9. Despite the limited aspects of Dr. Chidester's testimony concerning the earlier examination, Rowlett complains that it somehow could have been viewed by the jury as evidence of similar prior misconduct by Rowlett and, thus, inadmissible under Rule 404(b) and highly prejudicial as tending to establish his character as a child molester in order to convict him on that basis, rather than on proof specific to the incident. Aside from the fact that, in cases involving sexual abuse of children, the Mississippi Supreme Court has fashioned an exception to the general exclusionary provisions of Rule 404(b) (See, e.g., Hicks v. State, 441 So.2d 1359, 1360-61 (Miss.1983)), we conclude that, as an issue of fact, the limited nature of Dr. Chidester's testimony about her prior examination of the child could not reasonably be seen as constituting evidence, either direct or indirect, of similar prior misconduct by Rowlett. Children are, in the normal circumstance, examined by physicians on a recurring basis for any number of conditions unrelated to suspected sexual abuse. Dr. Chidester, though she professes to have a special interest in child sexual abuse cases, reported herself to the jury to be a board certified family practitioner and that her examination of potentially abused children "is a small part of the practice." Her testimony was intended only to relate the change in the child's physical condition that necessarily occurred sometime between her two examinations and there was nothing in her direct testimony to suggest that the earlier examination was related to an allegation of sexual abuse, much less that Rowlett was the suspected culprit in such an occurrence. We find Rowlett's assertion that this testimony somehow ran afoul of the restrictions on evidence of prior bad acts found in Rule 404(b) to be without merit.

III.

The Victim's Competency
¶ 10. Rowlett says that the court erred in not conducting a voir dire to determine the competency of this young child to testify before permitting her to identify him as her assailant from the witness stand. Mississippi Rule of Evidence 601 declares that "[e]very person is competent to be a witness" except for certain enumerated exceptions having no relevance in this case. M.R.E. 601. Despite this broad pronouncement, when children of young age are involved, it is a standard practice to engage in some preliminary inquiry into the ability of the child to comprehend events and to subsequently verbalize those events, as well as the child's ability to grasp the concept of truthfulness in relating *324 such events. Bowen v. State, 607 So.2d 1159, 1161 (Miss.1992).
¶ 11. In this case, the prosecuting attorney, prior to beginning her examination of the child on the facts, inquired of the child as to her ability to identify the town she lived in, the persons with whom she lived, and their familial relation to her. This demonstrated her ability to comprehend and relate events and circumstances and to understand and respond appropriately to questioning. Additionally, the attorney led the child through a discourse in which the child expressed her understanding of the importance of telling the truth. Most importantly, defense counsel offered no objection based on the witness's supposed incompetency either at the time she was called or at the conclusion of the brief questioning that preceded an inquiry into the relevant facts of the case itself. The objection, once finally offered, was only words to the effect that "We are going to object, sir." It is impossible to tell from the record whether this objection was to the child's alleged incompetency to serve as a witness or whether it was nothing more than an objection to the question that immediately preceded the objection. A trial court may not be put in error as to matters on which it was not offered the opportunity to issue a timely ruling. Stevenson v. State, 244 So.2d 30, 33-34 (Miss. 1971). On the state of the record in this case, we find no error on the part of the trial court in permitting the child victim to tell the jury her account of the incident that led to Rowlett being criminally charged.

IV.

Exclusion of Exculpatory Evidence
¶ 12. There was some indication that the child had, as to the 1995 incident, identified a person other than Rowlett as the perpetrator. In this issue, Rowlett broadly asserts that he was prevented from informing the jury that the child had, on occasion, given statements that would exonerate Rowlett from any culpability. In this short passage of his brief, Rowlett cites to no specific instances in the record where such evidence was offered but rejected. His argument does not even go so far as to suggest whether the excluded evidence, in fact, related to the 1995 incident, or whether there was other evidence showing that the child might have identified someone besides Rowlett in the 1996 incident at some time. There is no offer of proof in the record as to what exactly Rowlett believed he could show so that we could assess the impact of this evidence, even were we to be persuaded that it was, in fact, offered and rejected.
¶ 13. This Court is not obligated to scour the record on appeal from front to back in an attempt to discover whether there may, in actuality, be facts to support legal arguments made in a party's brief. It is, rather, the duty of the litigant to cite the Court to specific places in the record where the events occurred that he would now contend constitutes reversible error. M.R.A.P. 28(6).
¶ 14. If Rowlett's complaint relates solely to exclusion of evidence that the child may have suggested that a person other than Rowlett sexually abused her in 1995, then it was not error to exclude such evidence because it makes it neither less likely nor more likely that Rowlett perpetrated a similar act over one year later. M.R.E. 401. If Rowlett contends, on the other hand, that he was barred from presenting probative evidence that the child had, on occasion, identified her abuser in 1996 to be someone other than Rowlett, then he was obligated, upon rejection of that evidence, to make a proffer under Mississippi Rule of Evidence *325 103(2), and to cite this Court, by reference to particular pages in the record, to those instances when he attempted to offer such evidence but was denied the opportunity to do so by an adverse ruling from the trial court. M.R.A.P. 28(6). In the absence of either of such requirements, we conclude this issue to be without merit.

V.

Improper Rebuttal
¶ 15. As its lead-off witness for the defense, Rowlett's wife testified that during the critical periods in December 1996, it would have been impossible that Rowlett was ever alone with the minor child victim. From a review of this witness's testimony, it is clear that the defense was attempting to convey, indirectly if not directly, the broader message that things in the family were quite normal and ordinary and that there was no particular cause to be concerned for the child's well-being.
¶ 16. On rebuttal, the State was permitted to call Don Sanderson, a social worker who testified that, in 1995, he attended a conference in which Dr. Chidester informed Mrs. Rowlett that the child had reported that Rowlett was, at that time, engaging in improper sexual contact with her. There was further evidence that, in an emotional moment during that meeting, Mrs. Rowlett acknowledged her belief in the truth of the child's accusation. During cross-examination, the prosecuting attorney sought to demonstrate that, in fact, Mrs. Rowlett was well aware of the danger her child faced after learning of credible allegations of misconduct. This would appear to be a legitimate means of impeaching Mrs. Rowlett's credibility. It is often the case that inadmissible evidence may be rendered admissible for the limited purpose of counteracting evidence presented by the opposing side. In such circumstance, the court will normally allow the evidence on the theory that the objecting party has "opened the door" to such otherwise inadmissible evidence. See, e.g., Hopson v. State, 625 So.2d 395, 402 (Miss. 1993). The trial court concluded that the defense had opened the door to Sanderson's testimony through the intended thrust of the testimony of Mrs. Rowlett, and we do not find that to be an abuse of the trial court's discretion.
¶ 17. On appeal, Rowlett claims that this was improper rebuttal since the State improperly "set up" Mrs. Rowlett by asking her to deny a matter not directly relevant to the case, i.e., her knowledge of allegations of prior sexual contact, for the sole purpose of rendering the evidence subsequently admissible under the guise of impeachment. Rowlett is correct that this practice has been condemned by the Mississippi Supreme Court in such cases as Hosford v. State, 525 So.2d 789, 790-91 (Miss.1988). We do not find the Hosford case to be applicable in this case. Mrs. Rowlett's direct testimony, even prior to her more specific denials during cross-examination, clearly attempted to suggest to the jury that she had no legitimate cause to be concerned regarding her daughter's welfare insofar as her contact with Rowlett was concerned. The overall thrust of that testimony, if not impeached, would have planted a picture of the relevant circumstances in the jury's mind that did not square with the actual circumstances as contended by the State. In that circumstance, the State was entitled to attack Mrs. Rowlett's credibility by evidence that circumstances were not as she portrayed them to be. To the extent that the evidence might have been used by the jury for purposes other than considering the credibility of this witness, Rowlett's remedy was to seek an instruction informing the jury of the limited purposes for which it could consider the testimony. M.R.E. *326 105. No such limiting instruction was requested. We do not find that the trial court committed reversible error in permitting this rebuttal witness to testify.

VI.

Remaining Issues
¶ 18. Rowlett purports to raise five additional issues in his brief. Each issue consists of nothing more than a conclusory statement as to the nature of the alleged error. No citation to the record is offered as to where such error occurred nor is there any pertinent discussion of the applicable law containing citations to authority or to an argument advanced on logical principles. An appellate court is not obligated to consider alleged errors under those circumstances and we decline to do so in this case. Austin v. State, 784 So.2d 186, 192 (¶ 15) (Miss.2001).
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY OF CONVICTION OF TOUCHING A CHILD UNDER THE AGE OF FOURTEEN FOR LUSTFUL PURPOSES (FONDLING) AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND ORDER TO PAY $5,000 FINE AND $100 TO THE VICTIM'S COMPENSATION FUND, IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING and SOUTHWICK, P.JJ., PAYNE, BRIDGES, THOMAS, LEE, IRVING, MYERS and CHANDLER, JJ., CONCUR.