815 So.2d 1227 (2001)
John RICE a/k/a John Lamont Rice, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01627-COA.
Court of Appeals of Mississippi.
November 20, 2001.
Rehearing Denied February 19, 2002.
Certiorari Denied May 9, 2002.
Dan W. Duggan Jr., Brandon, Vicki Lachney Gilliam, Jackson, Attorneys for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorneys for Appellee.
Before KING, P.J., THOMAS, and LEE, JJ.
*1228 THOMAS, J., For The Court.
¶ 1. John Rice was found guilty of rape, sexual battery and two counts of aggravated assault and sentenced to two thirty year and two twenty year terms to be served consecutively in the custody of the Mississippi Department of Corrections. Aggrieved, Rice asserts the following issue:
I. THE LOWER COURT ERRED BY ADMITTING INADMISSIBLE HEARSAY EVIDENCE, THUS, DENYING RICE HIS CONSTITUTIONAL RIGHT OF CONFRONTATION AND TO A FAIR TRIAL.
Finding no reversible error, we affirm.

FACTS
¶ 2. Testimony presented by CB, Dr. Terry Ford, Jimmy Hobson and Steve Perry established that Rice raped, sexually battered, and assaulted CB and assaulted Jimmy Hobson. This violent event took place at the Mississippi State Hospital Department of Mental Health at Whitfield on February 27, 2000. At the close of the State's case, Rice made a motion for a directed verdict, which was denied.
¶ 3. Rice presented a single exhibit as his entire defense. There was no other testimony or evidence of any kind presented in his defense. The State objected to this evidence on the basis of relevance, hearsay and authenticity and the objection was overruled. The exhibit was the discharge summary of Rice from East Mississippi State Hospital Adolescent Services dated October 14, 1999. This discharge summary diagnosed Rice, at the time of his stay at East Mississippi State Hospital Adolescent Services, with intermittent Explosive Disorder, Anxiety Disorder, moderate Conduct Disorder, mild Mental Retardation, possible Fetal Alcohol Syndrome and a history of childhood traumatic brain injury. Nowhere in the discharge summary is it stated or implied that Rice was insane or not competent to stand trial.
¶ 4. As rebuttal to this discharge summary, the State offered a letter from Dr. Donald Guild, which was addressed to the sitting trial judge, which stated as follows:
Dear Judge Richardson:
Mr. John Rice was seen for psychiatric evaluation on March 23, 2000. Records from the Mississippi State Hospital were reviewed and I had an opportunity to take advantage of the behavioral observations as well as the records had [sic] been obtained by the State Hospital. Mr. Rice was interviewed and records reviewed.
After my interview, I have concluded that Mr. Rice is best diagnosed as without psychosis on Axis I and on Axis II Antisocial personality.
Although he was sullen and uncooperative I think he does have the capacity to cooperate with his attorney in his defense. He understands or is capable of understanding basic courtroom procedures and although he might not be cooperative, I believe he is of average intelligence, not retarded and not psychotic.
Characterlogical problems are abundant and do make him a difficult individual for his attorney to work with.
 Sincerely,
 Donald C. Guild, M.D.
¶ 5. Rice objected to the admissibility of this letter on the basis of relevance and hearsay. The court overruled this objection, stating that the letter fell into the category of "medical records, medical diagnosis and outside the hearsay rule."
¶ 6. Rice was found guilty on the counts of rape, sexual assault and two counts of aggravated assault and sentenced to two thirty year terms and two twenty year terms to be served consecutively in the *1229 custody of the Mississippi Department of Corrections.

ANALYSIS

I. DID THE LOWER COURT ERR BY ADMITTING INADMISSIBLE HEARSAY EVIDENCE, THUS, DENYING RICE HIS CONSTITUTIONAL RIGHT OF CONFRONTATION AND TO A FAIR TRIAL?
¶ 7. "Before admitting evidence which falls in the medical diagnosis hearsay exception pursuant to M.R.E. 803(4), a two part test must be met: `the declarant's motive in making the statement must be consistent with the purposes of promoting treatment; and ... the content of the statement must be such as is reasonably relied on by a physician in treatment.'" Doe v. Doe, 644 So.2d 1199, 1206 (Miss. 1994) (citing Jones v. State, 606 So.2d 1051, 1056 (Miss.1992)).
¶ 8. Before admitting evidence which falls in the business records hearsay exception pursuant to M.R.E. 803(6), the statement must be in written or recorded form, the record must concern acts, events, conditions, opinions or diagnoses, the record must have been made at or near the time of the matter recorded, the source of the information must have had personal knowledge of the matter, the record must have been kept in the course of regular business activity, and it must have been the regular practice of the business activity to make the record. Flowers v. State, 773 So.2d 309 (Miss.2000).
¶ 9. In the case at hand, the letter from Dr. Guild which was offered into evidence by the State was obviously written in preparation or anticipation of litigation. Therefore, neither M.R.E. 803(4) or (6) are valid exceptions to the hearsay rule as applied to this situation. The letter from Dr. Guild is blatant hearsay and both the State as well as the trial court should have known as much. Letters that are written specifically for litigation purposes stating that a party to a trial is competent, incompetent, sane or insane are hearsay when offered as evidence unless accompanied by the testimony of the declarant. Caswell v. Caswell, 763 So.2d 890, 892 (Miss.Ct.App.2000); Balfour v. State, 598 So.2d 731, 750 (Miss.1992).
¶ 10. However, Rice did not testify and he offered no witnesses. The only evidence he offered was the discharge summary which established that Rice had a variety of problems. Nowhere in the discharge summary does a doctor state that Rice was incompetent or insane at, or near the time of the rape. Further, Rice did not make any motion or submit any jury instruction on the issue of insanity or incompetence. In fact, counsel for Rice stated in his closing argument that "we can't come in here and say would y'all find him not guilty by reason of insanity. You can't because the doctors say he's not insane."
¶ 11. The thrust of Rice's closing argument was that although these violent acts occurred, fault lay with the lack of support and supervision by the Whitfield facility. Rice argued that because of his problems and Whitfield's lack of personnel and security, the jury should bring in a verdict of not guilty, regardless of the facts and/or law. We point this out because although the letter from Dr. Guild introduced by the State regarding Rice's competency and sanity was blatant hearsay and, therefore, error, it was harmless error under the facts of this case because its admission, as well as the substance of the letter, were irrelevant. At no time during Rice's case-in-chief or by a jury instruction request was the issue of insanity or competency raised. As past case law has made clear, the law presumes one to be sane. Davis v. State, 551 So.2d 165, 173 (Miss.1989). *1230 Therefore, the letter from Dr. Guild did nothing more than to state what is already to be presumed, that Rice was sane and competent to stand trial.
¶ 12. The United States Supreme Court has held, and our supreme court has recognized, that a violation of the confrontation clause is subject to the harmless error analysis. Earl v. State, 672 So.2d 1240, 1243-44 (Miss.1996). The United States Supreme Court stated that the proper appellate review is as follows:
assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt. Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.
Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).
¶ 13. With this application in mind, we find that the admission of the letter from Dr. Guild was harmless error.
¶ 14. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I RAPE AND SENTENCE OF THIRTY YEARS; COUNT II SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS; COUNT III AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS; COUNT IV AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH ALL SENTENCES TO RUN CONSECUTIVELY TO EACH OTHER IS AFFIRMED. COSTS OF APPEAL ARE ASSESSED TO RANKIN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., CONCUR.