802 So.2d 134 (2001)
Renaldo MAIDEN, Appellant
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00026-COA.
Court of Appeals of Mississippi.
December 18, 2001.
Lynda Carol Robinson, Jackson, Johnnie E. Walls Jr., Greenville, for Appellant.
Office of the Attorney General by Billy L. Gore, for Appellee.
Before McMILLIN, C.J., LEE, and MYERS, JJ.
LEE, J., for the Court.
¶ 1. On June 10, 1997, a Coahoma County Circuit Court grand jury indicted Renaldo Maiden for rape, in violation of Miss. Code Ann. § 97-3-65 (Rev. 1993). Maiden pleaded not guilty, and a jury trial was held in November 1998. At the close of the State's case-in-chief, Maiden moved for a directed verdict, but the motion was overruled. The jury found Maiden guilty *135 of rape, and he was sentenced as an habitual offender to serve thirty years in the custody of the Mississippi Department of Corrections without the possibility of parole or probation and with the sentence to run consecutively to any sentences previously imposed. Maiden thereafter filed a motion for judgment notwithstanding the verdict or in the alternative a new trial, but the motion was denied. He has now appealed to this Court raising two issues for our review: first, the evidence was not sufficient to sustain his conviction, and second, the trial court erred in its treatment of testimony concerning DNA testing.
¶ 2. The facts surrounding the case are these. The fifteen year-old victim, L.H.,[1] was babysitting at her aunt's apartment on the evening of March 26, 1997. Maiden lived in an apartment adjacent to the aunt's apartment. L.H. claims that Maiden asked her to come over and help him move some items. L.H. then claimed that Maiden raped her at knife point. Maiden denied this scenario, stating that he heard L.H. arguing with a young man inside her apartment, and he went over to break up the argument and kicked the young man out. L.H. went to the emergency room later that night and was examined. Tests on the samples taken showed presence of seminal fluid on the rectal swab, but no presence on the vaginal swab. Tests on the physical evidence taken from L.H. and from Maiden showed that the mixture of DNA types from the swabs were consistent with both the victim's and Maiden's DNA samples.

DISCUSSION OF THE ISSUES

I. WAS THE EVIDENCE PRESENTED SUFFICIENT TO SUPPORT THE VERDICT?
¶ 3. Maiden first argues that the evidence presented was insufficient to sustain his conviction. A motion for judgment notwithstanding the verdict concerns sufficiency of the evidence. Hampton v. State, 760 So.2d 803 (¶ 4) (Miss.Ct.App.2000). The sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State, and the credible evidence consistent with the defendant's guilt must be accepted as true. McClain v. State, 625 So.2d 774, 778 (Miss.1993). As well, the prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id.
¶ 4. In resolving this issue, we look to the evidence in this case which supports the verdict of guilty. L.H. testified that she did resist Maiden's advances; the knife Maiden threatened her with was lying within reach of the bed which caused L.H. to fear for her safety; the two examiners from the crime lab both concluded that seminal fluid was present on the rectal swab taken from L.H.; the DNA testing conclusively showed that Maiden's DNA was consistent with the DNA of the donor; both Officers David Matthews and Danny Hill saw the knife that Maiden used to threaten her; and L.H.'s sister testified along with others that L.H. was crying and upset after the incident, even until her trip to the emergency room. In rebuttal, Maiden directs attention to the testimony that contradicted the verdict. He points to L.H.'s inability to specifically state what part of her body had been penetrated, if any, plus points out that L.H.'s body did not reveal any signs that she had been in a struggle. Maiden also describes how L.H. made no attempt to escape the alleged attack, and points out that she misidentified the person who knocked at the door sometime after the alleged attack as being *136 Sonny Burnett, the maintenance man, when in actuality it was Officer Matthews. Maiden claims the State failed to prove that a rape actually occurred or that he was the perpetrator of such alleged crime, and he essentially contests each and every part of L.H.'s recount of the events, admitting only that the two were in each other's presence that night.
¶ 5. The supreme court has consistently held that the unsupported word of the victim of a sex crime is sufficient to support a guilty verdict where the testimony is not discredited or contradicted by other credible evidence, especially if the conduct of the victim is consistent with the conduct of one who has been victimized by a sex crime. Cross v. State, 759 So.2d 354 (¶ 11) (Miss.1999). Here, several testimonies corroborated L.H.'s recount of eventsthe testimonies of the officers, L.H.'s sister, and the witnesses from the crime lab plus various items of physical evidence all support L.H.'s testimony. Additionally, her testimony was not discredited or contradicted by the evidence, the testimony indeed was corroborated by other witnesses, and L.H. was emotionally distraught after the incident which is conduct indicative of someone who has been victimized. Maiden has failed to show how L.H.'s testimony is not credible, and absent such showing, we can find no error in the jury's decision. We affirm on this issue.

II. WAS THE DNA EVIDENCE PROPERLY ADMITTED?
¶ 6. Maiden argues that the trial court erred in its treatment of evidence concerning the DNA testing. Debra Haller of the Mississippi Crime Lab testified that the result of the DNA profile she conducted on the rectal swab was consistent with the DNA of both Maiden and L.H. and that Maiden could not be excluded as the possible donor of the sample. Haller explained that she could not do a statistical analysis of the sample because the sample was a mixture which was not conducive to testing in order to gain a distinct profile of the sperm donor. Maiden argues for the first time on appeal that the court should have ordered that a better sample be taken to produce a clear match, which could be statistically analyzed, rather than allowing only the mixture to be tested, which did not allow for statistical analysis.
¶ 7. The record shows that upon his review of the test results, Maiden did not object to the submission of such results via Haller's testimony to the jury. Maiden now recants his prior approval of such submission of evidence, charging that through Haller's testimony, the jury was misled into believing that since he could not be excluded as a donor, he must have been the donor. Maiden claims that the trial court's handling of this evidence and allowance of Haller's confusing testimony prejudiced his case and denied him due process and a fair trial.
¶ 8. Our rule with regard to preservation of issues on appeal prevents us from reviewing an issue which was not previously objected to. Singleton v. State, 518 So.2d 653, 655 (Miss.1988) ("This Court has held numerous times that contemporaneous objection is necessary to preserve the right to raise an error on appeal"). Here, not only did Maiden fail to contemporaneously object, he assented to Haller's testimony after he had seen a copy of her report containing the test results. Without such objection, we are without authority to review this issue on appeal.
¶ 9. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF RAPE AND SENTENCE AS AN HABITUAL OFFENDER TO SERVE THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCE IMPOSED *137 SHALL RUN CONSECUTIVELY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.
NOTES
[1] The victim was a minor, and we use initials to protect her identity.