LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On March 30, 1999, Anthony Ray Rowlett was convicted of unlawfully touching a child under the age of fourteen for the purpose of gratifying his lust. Rowlett was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. Rowlett appealed his conviction; however, this Court unanimously affirmed the conviction on July 31, 2001. Rowlett v. State, 791 So.2d 319 (Miss.Ct.App.2001). Rowlett previously filed a motion for post-conviction relief, which was dismissed by the Circuit Court of Calhoun County on May 1, 2000. Row-lett’s most recent motion for post-conviction relief was denied by the Circuit Court of Calhoun County on April 17, 2004. On July 30, 2004, the Mississippi Supreme Court denied Rowlett’s pro se application for permission to seek post-conviction relief; however, Rowlett’s appeal stems from the circuit court’s April 17th dismissal of his motion for post-conviction relief. Finding that Rowlett is procedurally barred from filing another motion for post-conviction relief, we affirm the Circuit Court of Calhoun County.
STANDARD OF REVIEW
¶ 2. Our standard of review regarding a trial court’s decision to deny a motion for post-conviction relief is clear. “The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
LAW AND ANALYSIS
¶ 3. Mississippi Code Annotated Section 99-39-7 (Sup.2004), provides that motions for post-conviction relief shall be filed with the trial court; however, litigants seeking post-conviction relief are not granted carte blanche to continually file motions pursuing post-conviction relief.
*1016 Where the conviction and sentence have been affirmed on appeal ... the motion under this article shall not be filed in the trial court until the motion shall first be presented to a quorum of the justices of the supreme court of Mississippi ... and an order granted allowing the filing of such motion in the trial court.
Miss.Code Ann. § 99-39-7 (Supp.2004). Because Rowlett’s conviction was affirmed on appeal, he must first seek permission from our supreme court prior to filing a motion for post-conviction relief in the trial court. The supreme court’s July 30, 2004 order clearly denies Rowlett’s application for permission for leave to pursue post-conviction relief in the trial court. Accordingly, Rowlett’s motion for post-conviction relief is procedurally barred. The judgment of the lower court is affirmed.
¶ 4. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.